NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDRA ROSARIO JAVIEL TORRES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 15-73904

Agency No. A208-124-252

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2022**
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

Petitioner Sandra Rosario Javiel Torres, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's (IJ) adverse credibility determination against her that resulted in the denial of her application for asylum, withholding of removal, and protection

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from removal under the Convention against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Because the BIA agreed with the IJ's reasoning, we review both the BIA's and IJ's decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). We will not disturb an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Therefore, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Here, the agency's adverse credibility determination is supported by substantial evidence. The agency found several non-trivial inconsistencies between Petitioner's statements and her hearing testimony. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (explaining that "[u]nder the REAL ID act, even minor inconsistencies that have a bearing on a petitioner's veracity" may support an adverse credibility determination). For example, the agency noted Petitioner's inconsistent statements about her reason for leaving Guatemala and her willingness

to return. In her initial interview before a Customs and Border Protection officer, Petitioner stated she left Guatemala for "a better life" and to help her family "economically." She further explained that she "would like to return to my country *because I'll be happy there*," had no fear of returning, and no reason to believe she would be harmed. Those answers stand in stark contrast to her later interview and testimony. Petitioner told the asylum officer that "I cannot return they are going [to] take my life," and testified before the IJ that she believed the people making threatening phone calls and the hitmen driving around her house would "go through with the threats" to kill her.

The agency also found other aspects of Petitioner's testimony inconsistent, but the glaring inconsistencies described above were more than sufficient evidence supporting the agency's decision. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination—our review will always require assessing the totality of the circumstances."). Petitioner does not meaningfully challenge the BIA's affirmance of the denial of CAT protection. *See* Fed. R. App. P. 28(a)(8). Additionally, substantial evidence supports the agency's denial of CAT protection, which was based on the same statements the agency found not credible. Petitioner has not pointed to any evidence compelling a conclusion contrary to the agency's

3

determination. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) (affirming the BIA's rejection of a CAT claim when the petitioner failed to point to any "other evidence that he could claim the BIA should have considered in making its determination under [CAT]").

**PETITION DENIED.**